United States District Court
Southern District of Texas
**ENTERED**
June 13, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

```
JOSE RAUL BRINDIS,               §
                                 §
          Plaintiff,             §
                                 §
v.                               §   CIVIL ACTION NO. H-24-1238
                                 §
UNIVISION RADIO BROADCASTING     §
TEXAS L.P. and DANIEL GUERRA,    §
                                 §
          Defendants.            §
```

## MEMORANDUM OPINION AND ORDER

Jose Raul Brindis ("Plaintiff") brought this action against Univision Radio Broadcasting Texas L.P. ("Univision") and Daniel Guerra (collectively, "Defendants") in the 125th Judicial District Court of Harris County, Texas, and Univision removed the action to this court.[1] Pending before the court are Plaintiff's Motion to Remand and Request for Reasonable Attorney Fees and Expenses ("Plaintiff's Motion to Remand") (Docket Entry No. 9) and Plaintiff's Motion for Leave to File Amended Complaint ("Plaintiff's Motion for Leave to Amend") (Docket Entry No. 10). For the reasons stated below, Plaintiff's Motion to Amend will be granted, Plaintiff's Motion to Remand will be granted except as to costs attorney's fees, and this action will be remanded.

---

[1] Plaintiff's Original Petition ("Petition"), Exhibit 4a to Defendant Univision Radio Broadcasting Texas, L.P.'s Notice of Removal ("Notice of Removal"), Docket Entry No. 1-5, p. 2; Notice of Removal, Docket Entry No. 1, p. 1. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

## I. **Background**

Plaintiff brought this action against Defendants in the 125th Judicial District Court of Harris County, Texas.[2] The Petition alleges that Plaintiff was an "'on-air' radio personality working with Univision[,]" that he developed a radio show over the years, and that "Univision unlawfully and wrongfully terminated [his] employment agreement[.]"[3] The Petition alleges that Guerra is "a management level employee . . . who [Plaintiff] had brought into his inner circle and trusted[.]"[4]  The Petition alleges that Univision and Guerra conspired to manufacture a false pretext to terminate Plaintiff's contract "for cause," but the Petition does not allege what the pretext was.[5]  The Petition alleges three claims:  (1) that "Univision Materially Breached [Plaintiff's] Contract[,]" (2) that "Univision and Daniel Guerra Fraudulently Manufactured a False Pretext to Terminate [Plaintiff's] Contract[,]" and (3) that "Univision and Daniel Guerra Conspired to Fraudulently Manufacture a False Pretext to Terminate [Plaintiff's] Contract[.]"[6]  The Petition's second claim cites the elements of

---

[2]Petition, Exhibit 4a to Notice of Removal, Docket Entry No. 1-5, p. 1; Notice of Removal, Docket Entry No. 1, p. 1.

[3]Petition, Exhibit 4a to Notice of Removal, Docket Entry No. 1-5, p. 4.

[4]Id. at 5

[5]Id.

[6]Id. at 5-7.

Texas common law fraud and alleges that "[t]he Defendants' statements and representations/statements in this case are demonstrably false[.]"[7] Plaintiff's third claim cites the elements of civil conspiracy and alleges a "conspiracy to commit fraud[.]"[8] The claim alleges that Univision fired Plaintiff based on untrue allegations that he violated corporate policy but does not specify what the allegations against Plaintiff were.[9]

Univision removed the action to this court on the basis of diversity jurisdiction.[10] Plaintiff filed the Motion to Remand, arguing that "[t]here is no diversity jurisdiction under 28 U.S.C. § 1331 because Defendant Daniel Guerra [a Texas citizen] has been properly joined and served."[11] Univision argues that Guerra is improperly joined.[12] Plaintiff has not filed a reply.

On the same date, Plaintiff filed the Motion for Leave to Amend, seeking to file Plaintiff's First Amended Complaint ("Amended Complaint"), which alleges a breach-of-contract claim against Univision and two claims against Guerra — fraud and

---

[7]Id. at 6-7.

[8]Id. at 7-8.

[9]Id. at 8.

[10]Notice of Removal, Docket Entry No. 1, pp. 1, 3 ¶ 6.

[11]Plaintiff's Motion to Remand, Docket Entry No. 9, p. 3 ¶ 5.

[12]Defendant Univision Radio Broadcasting Texas, L.P.'s Response to Plaintiff's Motion to Remand ("Univision's Response to Plaintiff's Motion to Remand"), Docket Entry No. 16, pp. 7-8.

tortious interference with a contract.[13] In support of the fraud claim, paragraph 17 of the Amended Complaint alleges that Guerra made false representations to Plaintiff:

> Guerra intentionally and knowingly made false material representations to [Plaintiff] (and his team) that certain songs were approved for use by The Show. Specifically, one instance of a fraudulent misrepresentation, was a song by Ana Barbara called Gente Gacha. Guerra represented the song could be used by [Plaintiff] and The Show. This song (along with other songs) subsequently appeared in the computer system for use by the Plaintiff. Guerra also represented to [Plaintiff] that Univision wanted him to participate in an event which involved Ana Barbara. [Plaintiff] and his team relied on Guerra's representations about the music approval – specifically the Gente Gacha song by Ana Barabara – as well as the arrangements with respect to the Ana Barbara event. . . . Based on information and belief, Guerra then, again in his own self-interest, falsely reported to Univision that [Plaintiff] was using the music (including playing the Ana Barbara song Gente Gacha) and the event with Ana Barbara to engage in the violation of Univision policies including but not limited to policies which prevented the practice of "payola".[14]

Payola is an "undercover or indirect payment (as to a disc jockey) for a commercial favor (as for promoting a particular record)."[15] Plaintiff's tortious interference claim is based on the same alleged misrepresentations.[16]

---

[13]Plaintiff's Motion for Leave to Amend, Docket Entry No. 10; Amended Complaint, Docket Entry No. 11, pp. 5-9. The Amended Complaint also seeks declaratory judgment regarding various aspects of Plaintiff's contract with Univision. Amended Complaint, Docket Entry No. 11, pp. 9-10 ¶¶ 20-23.

[14]Amended Complaint, Docket Entry No. 11, p. 7 ¶ 17.

[15]Payola, Merriam Webster's Collegiate Dictionary (10th Ed. 1996).

[16]Amended Complaint, Docket Entry No. 11, pp. 8-9 ¶ 19.

Univision opposes Plaintiff's Motion for Leave to Amend, arguing that Plaintiff's Amended Complaint would be futile because it fails to state a claim against Guerra.[17] In particular Univision argues that the fraud claim does not satisfy Rule 9(b)'s heightened pleading standard and is barred by the economic loss rule.[18] Plaintiff has not filed a reply.

## II.  Removal and Improper Joinder

Under 28 U.S.C. § 1441(a)[19] a defendant may remove a state court civil action to federal district court if it has original jurisdiction. See Gasch v. Hartford Accident & Indemnity Co., 491 F.3d 278, 281 (5th Cir. 2007). "The district courts shall have original [diversity] jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States[.]"  28 U.S.C. § 1332(a)(1).[20]

---

[17] Defendant Univision Radio Broadcasting Texas, L.P.'s Response to Plaintiff's Motion for Leave to File Amended Complaint ("Univision's Response to Plaintiff's Motion for Leave"), Docket Entry No. 15, p. 8 ¶¶ 8-9.

[18] Id. at 8-11 ¶¶ 10-15.

[19] Title 28 U.S.C. § 1441(a) provides:  "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

[20] "As 'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns.'"  Gasch, 491 F.3d at 281.  "The removal statute is therefore to be strictly construed, and any doubt about the
(continued...)

A court disregards the citizenship of improperly joined defendants. See International Energy Ventures Management, L.L.C. v. United Energy Group, Ltd., 818 F.3d 193, 199 (5th Cir. 2016). "A defendant is improperly joined if . . . the plaintiff has not stated a claim against [that] defendant[.]" Id. The removing party has "the burden of establishing that [the plaintiff] has failed to state a claim" against the nondiverse defendant under a Rule 12(b)(6)-type analysis. Id. The Fifth Circuit has held that the federal pleading standard applies to this analysis. Id.

"To determine whether removal of [the] case was proper, the Court looks to the plaintiff's state court pleadings at the time of removal." Lopez v. United Property & Casualty Insurance Co., 197 F. Supp. 3d 944, 947 (S.D. Tex. 2016) (citing Pullman Co. v. Jenkins, 59 S. Ct. 347, 349 (1939)). The court therefore cannot consider new claims added against nondiverse defendants after removal. Griggs v. State Farm Lloyds, 181 F.3d 694, 700 (5th Cir. 1999). But "a plaintiff should not be penalized for adhering to the pleading standards of the jurisdiction in which the case was originally brought." Palmquist v. Hain Celestial Group, Inc., No. 23-40197, 2024 WL 2720460, at *5 (5th Cir. May 28, 2024). Therefore an amended pleading "can be considered to the extent [it] 'clarif[ies] or amplif[ies] the claims actually alleged' in the removed pleading." Id. (quoting Griggs, 181 F.3d at 700).

---

[20](...continued)
propriety of removal must be resolved in favor of remand. Id. at 281-82.

## III. **Analysis**

### A. The Petition's Claims Against Guerra

The Petition alleges a fraud claim against Guerra. The elements of fraud are that "(1) the defendant 'made a material representation that was false'; (2) the defendant 'knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth;' (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result." JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C., 546 S.W.3d 648, 653 (Tex. 2018). Federal Rule 9(b) applies a heightened pleading standard to allegations of fraud, requiring a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This "demands [that the plaintiff allege] 'the who, what, when, and where'" of the fraudulent statements. Elson v. Black, 56 F.4th 1002, 1009 (5th Cir. 2023) (quoting Williams v. WMX Tech., Inc., 112 F.3d 175, 178 (5th Cir. 1997)). Put another way, "Plaintiffs must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" Id.

The Petition makes only vague allegations that Guerra manufactured a pretext for Plaintiff's firing and that Defendants represented that Plaintiff engaged in conduct which violated

-7-

corporate policy. At a minimum, the Petition does not specify what fraudulent statements Guerra made to Plaintiff. The Petition's fraud claim therefore does not satisfy the requirements of Rule 9(b).

The Petition alleges a civil conspiracy claim against Guerra. The elements of a civil conspiracy are "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983). But "civil conspiracy is not an independent tort[.]" Agar Corp., Inc. v. Electro Circuits International, LLC, 580 S.W.3d 136, 142 (Tex. 2019). Instead, it is "a statement of vicarious liability" that "'each of [the] defendants in error is responsible for all acts done by any of the conspirators in furtherance of the unlawful combination[.]'" Id. at 140 (quoting State v. Standard Oil Co., 107 S.W.2d 550, 559 (1937)). "Civil conspiracy depends entirely on the injury caused by the underlying tort[.]" Id. at 141. The Petition makes clear that the underlying tort is fraud.[21] But as explained above, the Petition fails to adequately allege fraud under Rule 9(b). The Petition therefore fails to state a civil conspiracy claim.

However, the court may look to the Amended Complaint to see whether it sufficiently clarifies or amplifies Plaintiff's fraud or

---

[21]Petition, Exhibit 4a to Notice of Removal, Docket Entry No. 1-5, p. 8 ("As a direct result of the conspiracy to commit fraud . . .").

civil conspiracy claims to state a claim against Guerra under the federal pleading standard. Palmquist, 2024 WL 2720460, at *5.

**B.   The Amended Complaint's Claims Against Guerra**

The Amended Complaint alleges two claims against Guerra — fraud and tortious interference with a contract. Because Plaintiff did not allege the tortious interference claim against Guerra until after removal, the court cannot consider it in deciding subject matter jurisdiction. Griggs, 181 F.3d at 700. However, the Amended Complaint adds substantial detail to Plaintiff's fraud claim.[22]

Univision argues that the Amended Complaint's fraud claim still fails to satisfy Rule 9(b), specifically that Plaintiff does not allege where or how Guerra made the alleged representations.[23] The Amended Complaint's allegations concern a Univision workplace dispute. To the extent Plaintiff must allege how Guerra made the statements (e.g., written or oral),[24] the Complaint appears to

---

[22] Moreover, the court concludes that the Petition and the Amended Complaint do not allege fundamentally distinct fraud claims. The Petition failed to specify what fraudulent statements Guerra made to Plaintiff. But the Petition and the Amended Complaint allege the same basic theory — that Guerra made fraudulent statements to manufacture a pretext for Univision to fire Plaintiff for cause.

[23] Univision's Response to Plaintiff's Motion to Remand, Docket Entry No. 16, p. 16 ¶ 27.

[24] Some opinions state that Rule 9(b) requires fraud claims to allege "the who, what, when, and where" of the statements, see Elson, 56 F.4th at 1009, and some opinions require the "'who, what, when, where, and how[.]'" U.S. ex rel. Williams v. Bell Helicopter Textron Inc., 417 F.3d 450, 453 (5th Cir. 2005).

allege that the false song approvals were communicated or affirmed in part by their placement in the Univision computer system.[25]

Univision argues that Plaintiff has failed to allege that he relied on Guerra's alleged misrepresentations.[26] Although somewhat ambiguous, the court reads paragraph 17 of the Amended Complaint to allege that Plaintiff relied on Guerra's misrepresentations by playing Barbara's unapproved song and attending her event (believing Univision wanted him there) and that Guerra reported to Univision that Plaintiff's doing so was payola or evidence of payola, which enabled Univision to pretextually fire Plaintiff for cause. The court is persuaded that this sufficiently alleges that Plaintiff relied on Guerra's misrepresentations regarding the song and event and that Plaintiff's reliance caused him injury.

Univision also argues that the amended fraud claim is barred by the economic loss rule.[27] "The economic loss rule generally precludes recovery in tort for economic losses resulting from a party's failure to perform under a contract when the harm consists only of the economic loss of a contractual expectancy." Chapman Custom Homes, Inc. v. Dallas Plumbing Co., 445 S.W.3d 716, 718 (Tex. 2014). Although Texas courts have applied the "rule even to

---

[25]See Amended Complaint, Docket Entry No. 11, p. 7 ¶ 17 ("Guerra represented the song could be used by Brindis and The Show. This song (along with other songs) subsequently appeared in the computer system for use by the Plaintiff.").

[26]Univision's Response to Plaintiff's Motion to Remand, Docket Entry No. 16, pp. 15-16 ¶ 27.

[27]Id. at 16.

-10-

parties not in [contractual] privity (e.g. a remote manufacturer or consumer), we have never held that it precludes recovery completely between contractual strangers in a case not involving a defective product[.]" Sharyland Water Supply Corp. v. City of Alton, 354 S.W.3d 407, 418 (Tex. 2011).[28] The court is not persuaded that the economic loss rule bars Plaintiff's fraud claim against Guerra.[29]

## C. Attorney's Fees

Plaintiff asks the court to award costs including attorney's fees incurred in responding to Univision's removal.[30] "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711

---

[28]The court is not certain that fraud on Guerra's part would necessarily imply a contractual breach by Univision. Plaintiff alleges two alternative theories — that Guerra acted solely in his own interest to get Plaintiff fired or that Univision wanted to terminate Plaintiff's contract. Without the terms of the contract, the court cannot say with certainty that Univision would be strictly responsible for failing to detect false allegations or evidence. If Guerra committed fraud (without authority) and Univision complied with its obligations under Plaintiff's contract, Guerra would still be liable for damaging Plaintiff.

[29]To the extent Texas law is unclear on this point, the court must "resolve all ambiguities in the controlling state law in the plaintiff's favor." Guillory v. PPG Industries, Inc., 434 F.3d 303, 308 (5th Cir. 2005).

[30]Plaintiff's Motion to Remand, Docket Entry No. 9, p. 3 ¶ 7.

(2005).  At the time of removal Plaintiff had not adequately pleaded a fraud claim.  Because Univision had an objectively reasonable basis to conclude that Guerra was improperly joined, the court will not award costs or attorney's fees to Plaintiff.

## IV.  Conclusion and Order

The Petition alleges a Texas common law fraud claim that, supplemented by the Amended Complaint's factual allegations, adequately alleges the elements of fraud and satisfies the pleading standard of Rule 9(b).  Plaintiff's Motion for Leave to File Amended Complaint (Docket Entry No. 10) is therefore **GRANTED,** and Plaintiff's Motion to Remand and Request for Reasonable Attorney Fees and Expenses (Docket Entry No. 9) is **GRANTED** as to Plaintiff's motion to remand and is **DENIED** as to Plaintiff's request for costs and attorney's fees.  This action is **REMANDED** to the 125th Judicial District Court of Harris County, Texas.  The Clerk will provide a copy of this Memorandum Opinion and Order to the District Clerk of Harris County.

**SIGNED** at Houston, Texas, on this the 13th day of June, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE